# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

Lyle W. Cayce
Clerk

No. 09-60333
Summary Calendar

LORENA JANNETTE DERAS-ALVAREZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 787 304

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorena Jannette Deras-Alvarez (Deras) has filed a petition for review from the denial by Board of Immigration Appeals (BIA) of her request for asylum, withholding of removal, and derivative asylum for her two minor daughters, Katheryne Graciela Vasquez-Deras and Erika Yaneth Vasquez-Deras. Deras and her daughters are natives and citizens of El Salvador who illegally entered the United States in 2006. They admitted removability, and Deras sought asylum and withholding of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Deras based her claims on two incidents of harassment by the Mara Salvatrucha gang (MS or maras) who were attempting to force Deras's babysitter to rejoin the gang. In one incident the babysitter was allegedly beaten and one of Deras's daughters was knocked to the ground. In the second incident, maras allegedly invaded and vandalized Deras's house and threatened her and her children. The BIA held that Deras failed to demonstrate that any alleged persecution was on account of her membership in a particular, recognized social group, as required to establish the availability of asylum.

On a petition for review, we review legal issues de novo but will otherwise reverse a BIA's decision "only when the evidence is so compelling that no reasonable fact finder could fail to find in favor of the petitioner. *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009) (internal quotation marks and citation omitted); *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). To obtain asylum, Deras was required to show a nexus between likely persecution and a statutory ground for relief, such as race, religion, or membership in a particular social group. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). To establish membership in a particular social group, Deras was required to show that she "was a member of a group of persons that share a common characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir. 2002).

The maras' threats against Deras and her children were incidental to their harassment of the babysitter. Deras's relationship with the babysitter was terminated and is thus not an immutable characteristic. In addition, an antagonistic relationship with gangs or the harboring of anti-gang values does not establish a particular social group. Further, Deras and her daughters do not even belong to the putative social group identified in her brief as "the young males of Central America who must be seen as a target group for gang recruiters."

2

No. 09-60333

Deras has failed to show legal error or any evidence so compelling that this court must render a decision in her favor. *See Kane*, 581 F.3d at 236. Deras does not discuss withholding of removal. In any event, any claim for withholding of removal fails because Deras cannot show a "clear probability" that she would be persecuted based on a protected ground, such as membership in a particular social group. *See Kane*, 581 F.3d at 238-39.

The petition for review is DENIED.